IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

JOEL A. CERROS,

        Petitioner,

vs.

STEVE FANNON,

        Respondent.

8:24CV70

**MEMORANDUM AND ORDER**

This matter is before the Court on preliminary review of Petitioner Joel A. Cerros' Petition for Writ of Habeas Corpus, Filing No. 1, brought pursuant to 28 U.S.C. § 2254 on February 22, 2024, as well as his Amended Petition for Writ of Habeas Corpus, Filing No. 5, filed on March 4, 2024. However, this matter will not proceed further until Petitioner cures the deficiencies discussed below.

First, Petitioner filed a Motion to Proceed in Forma Pauperis, Filing No. 2, but the motion is not signed nor does it comply with the terms of 28 U.S.C. § 1915, the statute authorizing proceedings in forma pauperis. See 28 U.S.C. § 1915(a)(1) (requiring submission of "an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor"). Petitioner has the choice of either submitting the $5.00 filing fee to the Clerk's office or submitting a request to proceed in forma pauperis that complies with 28 U.S.C. § 1915. If Petitioner chooses to do the latter, the enclosed pauper's forms should be completed and returned to this Court. Failure to take either action within 30 days may result in the Court dismissing this case without further notice to Petitioner.

Second, Petitioner has not signed either his Petition or Amended Petition under penalty of perjury. *See, e.g.* 28 U.S.C. § 2242 and Rule 2(c)(5) of the *Rules Governing Section 2254 Cases in the United States District Courts*.

Third, a habeas corpus petition must "substantially follow either the form appended to [the *Rules Governing Section 2254 Cases in the United States District Courts*], or a form prescribed by a local district-court rule." *See* Rule 2 of the *Rules Governing Section 2254 Cases in the United States District Courts*. Here, Petitioner did not use the Form AO 241, Petition for Writ of Habeas Corpus by a Person in State Custody. Rather, his Petition and Amended Petition consist of twelve- to sixteen-page, typed documents that do not clearly identify the judgment challenged—i.e., what state court imposed the judgment—or clearly indicate the grounds upon which Petitioner seeks habeas relief. While Petitioner's petition is clearly written and provides general background of his conviction and state court proceedings, the petition contains mostly legal argument and it is difficult to discern the specific grounds on which Petitioner seeks habeas relief.

Based on these deficiencies, Petitioner's petition is deemed insufficient and the Court will not act upon it. However, on the Court's own motion, Petitioner will have 30 days in which to file an amended petition for writ of habeas corpus. To be clear, Petitioner must (1) either pay the $5.00 fee or submit a signed request to proceed in forma pauperis that complies with 28 U.S.C. § 1915 and (2) file an amended petition for writ of habeas corpus under 28 U.S.C. § 2254 that is originally signed under the penalty of perjury. The Court will direct the Clerk of the Court to send to Petitioner the AO 241 Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254.

IT IS THEREFORE ORDERED that:

1. Petitioner's Motion to Proceed in Forma Pauperis, Filing No. 2, is denied without prejudice to reassertion in a motion to proceed in forma pauperis that complies with 28 U.S.C. § 1915.

2. Petitioner is directed to submit the $5.00 fee to the Clerk's office or submit a new signed request to proceed in forma pauperis that complies with 28 U.S.C. § 1915 by **April 5, 2024**. Failure to take either action may result in dismissal of this matter without further notice.

3. The pending Petition, Filing No. 1, and Amended Petition, Filing No. 5, are deemed insufficient and the Court will not act upon them.

4. By **April 5, 2024**, Petitioner shall file an amended petition for writ of habeas corpus that is originally signed under penalty of perjury. Petitioner is encouraged to use the enclosed official Form AO 241. To avoid confusion, any document Petitioner sends to the Clerk of the Court for filing in this case must clearly display the case number (8:24CV70). Failure to file an amended petition in accordance with this Memorandum and Order may result in dismissal of this matter without further notice.

5. The Clerk of the Court is directed to send to Petitioner the Form AO 241 ("Petition for Relief From a Conviction or Sentence By a Person in State Custody") and the Form AO 240 ("Application to Proceed Without Prepayment of Fees and Affidavit").

6. The Clerk of the Court is directed to set a pro se case management deadline in this matter with the following text: **April 5, 2024**: Check for payment or signed IFP motion and amended petition.

Dated this 6th day of March, 2024.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge

4