IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JOEL A. CERROS,<br><br>               Petitioner,<br><br>vs.<br><br>ROB JEFFREYS,<br><br>               Respondent. | 8:24CV70<br><br>**MEMORANDUM AND ORDER** |

      This matter is before the Court on two identical Motions to Supplement Habeas Corpus Petition filed by Petitioner on June 6 and June 11, 2025, respectively. Filing No. 21; Filing No. 22. Because the Motions are identical, the Court will deny the first Motion, Filing No. 21, as moot and consider the later-filed Motion, Filing No. 22, as the operative motion. Liberally construed, Petitioner seeks to amend his habeas petition, Filing No. 8, by adding the following claim: The trial court's refusal to instruct the jury on careless driving as a lesser-included offense of reckless driving deprived Petitioner of his Fourteenth Amendment due process rights.

      Rule 15 of the Federal Rules of Civil Procedure governs motions to amend petitions in habeas proceedings. *See Mayle v. Felix*, 545 U.S. 644, 655 (2005) (stating that Rule 15 is "made applicable to habeas proceedings by § 2242, Federal Rule of Civil Procedure 81(a)(2), and Habeas Corpus Rule 11"). Amendments are allowed one time as a matter of course if the amendment is filed within 21 days of service of a responsive pleading or a Rule 12 motion. Fed. R. Civ. P. 15(a)(1)(B). Otherwise, amendments are allowed only with the opposing party's written consent or the court's leave. Fed. R. Civ. P. 15(a)(2). Moreover, an amended petition relates back to the date of the original

petition when the claims in the original and amended petition arose out of the same "conduct, transaction, or occurrence," Fed. R. Civ. P. 15(c)(1)(B); *see also Mayle*, 545 U.S. at 656, "such that they arise from the same core of operative facts," *United States v. Hernandez*, 436 F.3d 851, 857 (8th Cir. 2006) (citing *Mayle*, 545 U.S. at 650, 657).

> Under the liberal amendment policy of Federal Rule of Civil Procedure 15(a), a district court's denial of leave to amend pleadings is appropriate only in those limited circumstances in which undue delay, bad faith on the part of the moving partly [sic], futility of the amendment, or unfair prejudice to the non-moving party can be demonstrated.

*Roberson v. Hayti Police Dep't*, 241 F.3d 992, 995 (8th Cir. 2001) (footnote omitted) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987)).

Upon careful consideration, and there being no objection from Respondent, the Court will grant Petitioner's Motion and treat the Motion as a supplement to Petitioner's habeas petition. *See* NECivR 15.1(b) (court may consider amended pleading as supplemental to, rather than as superseding, the original pleading). The Court concludes the additional claim stated in Petitioner's Motion is potentially cognizable in federal court. For the sake of clarity, the Court restates Petitioner's claims, condensed and summarized, from his petition, Filing No. 8, and supplement, Filing No. 22, in full here:

Claim One: Petitioner was denied effective assistance of counsel when counsel failed to object to the manslaughter charge on the basis that conviction of said charge violated Petitioner's Eighth and Fourteenth Amendment rights.

Claim Two: Trial counsel was ineffective for failing to object to the insufficient jury instruction regarding the manslaughter charge as the instruction did not include an instruction on proximate causation.

Claim Three: The trial court's refusal to instruct the jury on careless driving as a lesser-included offense of reckless driving deprived Petitioner of his Fourteenth Amendment due process rights.

In light of the Court's ruling, the Court will direct Respondent to supplement or amend his response to the petition to address Petitioner's newly-added Claim Three as set forth below.

IT IS THEREFORE ORDERED that:

1. Petitioner's Motion to Supplement Habeas Corpus Petition, Filing No. 22, is granted, and the Court will treat Filing No. 22 as a supplement to the petition, Filing No. 8. Petitioner's duplicate Motion to Supplement, Filing No. 21, is denied as moot.

2. The Clerk of the Court is directed to update the docket text for Filing No. 22 to reflect that it is a Supplement to the Amended Petition at Filing No. 8.

3. Respondent shall have until **November 7, 2025**, to file a "Supplemental Designation of State Court Records in Support of Answer" containing any additional state records relevant to Claim Three, if any such records exist and are not already contained in the Designation of State Court Records, Filing No. 16, previously filed.

4. Respondent also shall have until **November 7, 2025**, to file a supplemental or amended answer and supplemental supporting brief addressing Claim Three contained in Petitioner's supplement, Filing No. 22, in accordance with the

procedures set forth in the Court's previous progression order. *See* Filing No. 10 at 4–5.

5. No later than 30 days after Respondent's brief is filed, Petitioner must file and serve a brief in response addressing only those arguments raised in Respondent's supplemental brief regarding Claim Three. Petitioner must not submit any other documents unless directed to do so by the Court.

6. No later than 30 days after Petitioner's brief is filed, Respondent must file and serve a reply brief. In the event that Respondent elects not to file a reply brief, he should inform the Court by filing a notice stating that he will not file a reply brief and that the merits of the petition are therefore fully submitted for decision.

7. The Clerk of the Court is directed to set a pro se case management deadline in this case using the following text: **November 7, 2025**: check for Respondent's supplemental designation, answer, and brief.

Dated this 8th day of October, 2025.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge